and state post-conviction appeal were unsuccessful.

The magistrate judge recommended that Mr. Winrow's § 2254 petition be denied because he procedurally defaulted all three of his habeas claims in the state courts and did not show cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default. After consideration of Mr. Winrow's objections, the district court adopted the recommendation and denied the petition. Mr. Winrow then applied to this court for a certificate of appealability.

In order for this court to grant a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quotations omitted).

We have carefully reviewed Mr. Winrow's brief, the district court's disposition,

and the record on appeal. Nothing in the facts, the record on appeal, or Petitioner's brief raises an issue which meets our standards for the grant of a certificate of appealability. For substantially the same reasons as set forth by the district court in its Order of October 11, 2001, adopting the magistrate's report and recommendation in its entirety, we cannot say that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id.* We DENY Petitioner's request for a certificate of appealability and DISMISS the appeal.

ORDER AND JUDGMENT *

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this panel has determined

---

* This order and judgment is not binding precedent, except under the doctrines of law of the